IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLY TYLER,<br><br>                Plaintiff,<br><br>vs.<br><br>TOD SCHMADER, Chief of Police; CITY OF OMAHA, JOHN DOE POLICE, UNKNOWN BIRENT, and JUDGE RANDALL,<br><br>                Defendants. | 8:16CV550<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed his Complaint on December 12, 2016. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff seeks damages for the theft of his, and apparently others, 2003 truck on or about July 10, 2016. He alleges that the truck was stolen "in [the] same circumstances and facts as ruled illegal . . ." in *Tyler v. Siebert*, Case No. A-94-659, 1996 WL 169875 (Neb. App. 1996). He claims that Defendants' refusal to obey the ruling in *Tyler* denies him and others due process and equal protection. Plaintiff also requests a declaration that Judge Randall violated their rights because he refused to obey *Tyler* and an injunction to stop their truck from being taken from them. He alleges that Defendants are white and he and others, whom on behalf he brings suit, are black. (Filing No. 1.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

There is a whole host of problems with Plaintiff's Complaint. To begin, as a pro se litigant, Plaintiff may not represent the interests of other parties. *Litschewski v. Dooley*, No. 11–4105–RAL, 2012 WL 3023249, at *1 n .1 (D.S.D. July 24, 2012), *aff'd*, 502 Fed. Appx. 630 (8th Cir. 2013).

Further, the court has reviewed *Tyler v. Siebert*, *supra*. In *Tyler*, the Nebraska Court of Appeals ordered the district court to return possession of Plaintiff's 1975 Pontiac Catalina to him because the officer who towed the vehicle subsequent to a traffic stop and the City of Omaha did not establish a superior right of possession of the vehicle, specifically because the municipal ordinances (upon which the officer relied to tow the vehicle) were not in the appellate record. 1996 WL 169875, at * 3-4. However, the same defendants, other than the City of Omaha, and vehicle are not involved here. Defendants do not have an obligation in 2016 to "obey" an appellate decision from 1996 that involved different facts and circumstances. Moreover, the court cannot discern from Plaintiff's Complaint if he is challenging a different state court proceeding or if there are state court proceedings currently pending – either of which raises the issue of federal abstention.

Additional possible obstacles to Plaintiff's claims include, but are not limited to, sovereign immunity, judicial immunity, and no custom or policy for municipal liability. In other words, Plaintiff has failed to state a claim upon which relief may be granted. The court will provide Plaintiff an opportunity to file an amended complaint that states a claim upon which relief may be granted. Plaintiff shall file his amended complaint no later than March 25, 2017. **Plaintiff is warned that his amended complaint will supersede, not supplement, his Complaint.** Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall file an amended complaint that states a claim upon which relief may be granted by **March 25, 2017**. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: **March 25, 2017**, check for amended complaint.

Dated this 24th day of February, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge